## In re AMERICAN INVESTCORP AND DEVELOPMENT COMPANY, Debtor.

### Bankruptcy No. 91–11833.

United States Bankruptcy Court, D. Rhode Island.

June 16, 1993.

Z. Hershel Smith, Smith & Furtado, P.C., Inc., Providence, RI, for debtor.

John B. Murphy, Morneau & Murphy, Providence, RI, for Providence Gas Co.

### ORDER GRANTING UTILITY'S MOTION TO TERMINATE SERVICE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

■ Before the Court is Providence Gas Company's Motion to Terminate Service, and Debtor's objection thereto. The facts, not in dispute, are that Movant sent a letter dated March 25, 1992 seeking adequate assurance of payment of accumulating post-petition gas services, and that the Debtor did not respond. Debtor now argues that service may not be terminated, because the March 25 letter is not in compliance with 11 U.S.C. § 366(b) in that it allowed the Debtor only ten days to reply, rather than the twenty days required by the Code. We find Debtor's argument to be without merit because there is no twenty day *notice* requirement in the statute. Section 366(b) states that a "utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, *within 20 days after the date of the order for relief,* furnishes adequate assurances of payment...." 11 U.S.C. § 366(b) (emphasis added). In other words, the burden is on the Debtor to furnish adequate assurances of payment within twenty days—not on the utility to successfully negotiate a minefield of technical notice requirements, such as in an eviction proceeding. It is the statute that triggers the Debtor's duty to perform—not a formal notice from the creditor.

■ Since over 690 days have elapsed since the date of the Order for Relief, with no adequate assurance of payment forthcoming from the Debtor, and Providence Gas having furnished Debtor with the ten day notice required by R.I.Gen.Laws § 39–2–1, Providence Gas Company's Motion to Terminate Service is GRANTED.

Enter Judgment consistent with this opinion.